AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means     ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 21-5320MB
3155 N. Colorado Street )
Chandler, AZ 85255 )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Arizona _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before  12/20/21  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  the duty magistrate judge in the Phoenix Division  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  12/7/2021 @ 5:38 pm        _____
                                                                                 *Judge's signature*

City and state:   Phoenix, Arizona                       Hon. Deborah M. Fine, U.S. Magistrate Judge
                                                                             *Printed name and title*

## **ATTACHMENT A**

## **DESCRIPTION OF THE PREMISES TO BE SEARCHED**

The premises to be searched is 3155 N. Colorado Street in Chandler, AZ 85255. The building is used as an office space for certain officers at Centera Bioscience, including Strategic Director Paul Sheard and Finance Director Zakary Scott.

## ATTACHMENT B

## ITEMS TO BE SEIZED

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 545 (smuggling); 21 U.S.C. § 331(a) (introducing a misbranded drug into interstate commerce); 21 U.S.C. § 331(d) (introducing an unapproved new drug into interstate commerce); 18 U.S.C. § 1001 (false statements); and 18 U.S.C. § 371 (related conspiracies) (collectively, the "Subject Offenses"), namely:

   a. All documents related to the introduction into interstate commerce of any unapproved new drugs and/or misbranded drugs intended for use as nootropics, including numerous racetam drugs, phenibut, adrafinil, and tianeptine (collectively, the "Unapproved Drugs"), originating either from a foreign location or from within the United States, from 2017 to the present. Such documents include correspondence relating to or referencing the importation and/or sale of drugs (in hard copy or electronic format); ledgers; records of receipt, sale, or distribution of drugs including airway bills, packing slips, and records reflecting the contents of any such packages; customer lists; pay-owe sheets;

   b. All documents reflecting or relating to the transmission of funds, both foreign and domestic, from 2017 to the present, including wire transfer sheets, Western Union/Money Gram receipts, money orders, and any other methods of remitting money, as related to the Subject Offenses;

   c. Other items evidencing the obtainment, concealment, transfer or expenditure of money (United States currency, crypto currency or foreign currency) relating to the Subject Offenses from 2017 to the present, whether kept manually and/or by mechanical, and/or electronic devices pertaining to the wiring and/or receipt of funds;

   d. All financial books and records from 2017 to the present relating to the Subject Offenses, including ledgers, journals, loan records, financial statements, tax returns, books and work papers, bills and investment accounts, and all financial transactions;

   e. Bank and investment account records from 2017 to the present relating to the Subject Offenses, both foreign and domestic, including deposits, withdrawals, personal checks, business checks, receipts, money orders, cashier checks, official bank checks, money drafts, certificates of deposits, money market certificates, stocks, bonds, bearer bonds and statements;

f. Credit card records from 2017 to the present relating to the Subject Offenses, which include correspondence, monthly billing statements, individual charge invoices, repayment records;

g. All records relating to the processing of credit cards from 2017 to the present, including merchant statements, chargeback documents, including correspondence from the cardholder, correspondence from/to the merchant, and all credit card access devices, as related to the Subject Offenses;

h. Federal and State Tax Returns and Tax Records relating to the Subject Offenses, including personal income tax returns, corporate tax returns, employment tax returns, sales tax returns, and property tax returns;

i. All Unapproved Drugs listed above including racetam drugs, phenibut, adrafinil and tianeptine, raw materials or components used to manufacture the Unapproved Drugs, and any labeling or packaging material for the Unapproved Drugs;

j. Diaries, daily planners, calendars, and notes relating to the Subject Offenses;

k. Travel records relating to the Subject Offenses, to include books, records, receipts, notes, ledgers, airline tickets, vehicle rental receipts, credit card receipts and bills, hotel receipts, meal receipts, travel agency vouchers, travel schedules and other travel-related papers;

l. Safe deposit keys, keys for self-storage facilities, contracts for safe deposit box rentals, access records, and records of rental fees paid relating to the Subject Offenses disclosing the date, amount and method of payment;

m. Records and notes relating to the purchase of real property from 2017 to the present, domestic or foreign, deeds, mortgages, leases, trusts and escrow accounts as related to the Subject Offenses;

n. Records relating to the rental of U.S. Post Office Boxes including applications, PO Box keys, and receipts documenting payment/control of the boxes, as related to the Subject Offenses;

o. Copies or photographs of records of personal identification relating to the Subject Offenses, such as a driver's license, passports, and/or social security cards, that contain information which tends to establish ownership/control over the premises to be searched;

p. Correspondence with co-conspirators relating to the Subject Offenses including drop-shippers or websites selling illicit drugs; records of

registration of website or domain names;

q. Photographs, negatives, video tapes, and films relating to the Subject Offenses, depicting the subjects of the investigation and their criminal associates, (showing association with the associates, depicting their assets or depicting illegal drugs);

r. Address books reflecting names, addresses and telephone numbers of persons relating to the Subject Offenses;

s. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof;

t. Import and export records and correspondence with Customs and Border Protection ("CBP") regarding raw materials or compounds used to manufacture the Unapproved Drugs;

u. All documents related to certificates of intent provided to CBP;

v. Records of research and development and laboratory analyses regarding raw materials or compounds used to manufacture the Unapproved Drugs;

w. Correspondence and communications to and from the FDA regarding the sale, labeling, import, or export of the Unapproved Drugs;

x. Evidence of correspondence and communications related to consumer questions, complaints, or reviews regarding the Unapproved Drugs;

y. With respect to any digital device containing evidence of the Subject Offenses falling within the scope of the foregoing categories of items to be seized:

  i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

  ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

3

    iii.    evidence of the attachment of other devices;

    iv.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    v.    evidence of the times the device was used;

    vi.    passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

    vii.    applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

    viii.    records of or information about Internet Protocol addresses used by the device;

    ix.    records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.